WILSON TURNER KOSMO LLP
ROBERT K. DIXON (262252)
ELIZABETH C. REIN (297593)
402 West Broadway, Suite 1600
San Diego, California  92101
Telephone:  (619) 236-9600
Facsimile:  (619) 236-9669
E-mail: rdixon@wilsonturnerkosmo.com
E-mail: erein@wilsonturnerkosmo.com

Attorneys for Defendant
HOME DEPOT U.S.A., INC.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA
# WESTERN DIVISION

| | |
|---|---|
| JACKY BLAIR,<br><br>    Plaintiff,<br><br>    v.<br><br>WHIRLPOOL CORPORATION; HOME DEPOT U.S.A., INC., a Delaware corporation; and DOES 1-50, inclusive,<br><br>    Defendants. | Case No. 2:19-cv-613<br><br>**DEFENDANT HOME DEPOT U.S.A, INC'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(a), 1446 (DIVERSITY JURISDICTION)**<br><br>District Judge:<br>Courtroom:<br><br>Magistrate Judge:<br>Courtroom:<br><br>Complaint Filed:  November 2, 2018<br>Trial Date:  Not Set |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that Defendant HOME DEPOT U.S.A., INC. ("Home Depot") by and through counsel, hereby removes the above-captioned action from the Superior Court of the State of California, County of Santa Barbara, to the United States District Court for the Central District of California, Western Division, pursuant to 28 U.S.C. Sections 1332, 1441(a), and 1446.  In support of this Notice of Removal, Home Depot states the following:

/ / /

/ / /

-1-     Case No. 2:19-cv-613

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(a), 1446 (DIVERSITY JURISDICTION)

## BACKGROUND

1. On November 2, 2018, Plaintiff JACKY BLAIR ("Plaintiff") commenced an action in the Superior Court of the State of California for the County of Santa Barbara, entitled *Jacky Blair v. Whirlpool Corporation, et al.,* Case No. 18CV05423. A true and correct copy of Plaintiff's Complaint is attached as **Exhibit A** to the Declaration of Robert K. Dixon, filed concurrently herewith.

2. The Complaint contains two causes of action against Home Depot and Defendant WHIRLPOOL CORPORATION ("Whirlpool")—General Negligence and Products Liability. (Compl., Ex. A to Dixon Decl.) Plaintiff's causes of action stem from allegations that a defective water heater sold by Home Depot and manufactured by Whirlpool malfunctioned and caused Plaintiff to sustain injuries. (*Id.*) Plaintiff seeks damages for wage loss, hospital and medical expenses, general damages, special damages, loss of earning capacity, cost of suit, prejudgment interest, and related incidentals. (*Id.*)

3. On December 28, 2018, Plaintiff sent Home Depot via certified mail through its agent for service of process a Notice and Acknowledgement of Receipt of the following documents: Summons and Complaint, Civil Case Cover Sheet, Civil Case Cover Sheet Addendum, Statement of Damages, Order & Notice of Case Assignment, and Notice of Case Management Conference. Home Depot received these documents on December 31, 2018. (Dixon Decl. at ¶ 5.)

4. The Statement of Damages indicates that the amount in controversy exceeds $75,000, as it notes Plaintiff is seeking more than $250,000 in damages. (Dixon Decl. at ¶ 5.) A true and correct copy of Plaintiff's Statement of Damages is attached as **Exhibit B** to the Declaration of Robert K. Dixon.

5. Home Depot is informed and believes that Plaintiff served Whirlpool. (Dixon Decl. at ¶ 6.)

/ / /

/ / /

6.    On January 24, 2019, Home Depot filed and served its Answer to Plaintiff's Complaint. A true and correct copy of Home Depot's Answer is attached as **Exhibit C** to the Declaration of Robert K. Dixon.

7.    This is a civil action over which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1332, and may be removed to this Court by Defendants pursuant to the provisions of 28 U.S.C. § 1441(a), because it is a civil action between citizens of different states and the matter in controversy herein exceeds the sum or value of Seventy-Five Thousand Dollars ($75,000.00), exclusive of interest and costs.

## COMPLETE DIVERSITY OF CITIZENSHIP EXISTS

8.    As set forth below, complete diversity exists between Plaintiff and named defendants Home Depot and Whirlpool.

9.    Upon information and belief,[1] at the time of the filing of the Complaint and this Notice of Removal, Plaintiff was and still is a citizen of California. (Dixon Decl. at ¶ 8.) While the Complaint is silent as to whether Plaintiff is a California resident, during pre-litigation communications with Home Depot's claims representative, Home Depot learned that Plaintiff resides in Los Alamos, CA. (*Id.*)

10.    For diversity purposes, an individual is a "citizen" of the state where he or she is domiciled. *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). Plaintiff's Los Alamos residence is *prima facie* evidence that he is domiciled in California for purposes of diversity. *See Barrera v. W. United Ins. Co.*, 567 F. App'x 491, 492 n.1 (9th Cir. 2014) ("The place where a person lives is taken to be his domicile until facts adduced establish the contrary.") (quoting *Anderson v. Watt*, 138 U.S. 694, 706 (1891); *Smith v. Simmons,* No. 1:05-CV-01187-OWW-GSA, 2008 U.S. Dist. LEXIS 21162, at *9–10 (E.D. Cal. Mar. 18, 2008).

11.    For diversity purposes, a corporation is a citizen of: (1) the state under whose laws it is organized; and (2) the state of its "principal place of business." 28

---

[1] A party may allege citizenship on information and belief. *Carolina Cas. Ins. Co. v. Team Equip., Inc.*, 741 F.3d 1082, 1087 (9th Cir. 2014).

U.S.C. § 1331(c)(1); *Davis v. HSBC Bank Nevada, NA.*, 557 F.3d 1026, 1028 (9th Cir. 2009).

12. Home Depot at the time this action was commenced, was, and still is, a corporation organized and existing under the State of Delaware. (Dixon Decl. at ¶ 9.) Home Depot was not, and is not, incorporated under the laws of the State of California, wherein this action is brought. (*Id.*)

13. The U.S. Supreme Court held that a corporation's "principal place of business" under the federal diversity jurisdiction statute, 28 U.S.C. Section 1332(c)(l), refers to a corporation's "nerve center" or "the place where the corporation's high level officers direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 599 U.S. 77, 78 (2010). The Supreme Court noted that "in practice[,]" the nerve center will "normally be the place where the corporation maintains its headquarters." *Id.* at 93.

14. Home Depot's headquarters is located in Atlanta, Georgia. (Dixon Decl. at ¶ 10.) Home Depot's Atlanta headquarters are home to virtually all of its corporate functions. This includes finance, accounting, purchasing, treasury, marketing, training, human resources, information systems, internal audit, and legal. In addition, Home Depot's CEO, CFO, General Counsel, and other senior management are located in Atlanta, Georgia. (*Id.*)

15. Accordingly, for purposes of diversity, Home Depot is a citizen of Delaware (its state of incorporation) as well as Georgia (its principal place of business).

16. The Complaint is silent as to the citizenship of Whirlpool. (Compl., Ex. A to Dixon Decl.) Upon information and belief, based on information in the possession of the California Secretary of State, Whirlpool is incorporated under the laws of Delaware, with a principal place of business in Michigan. (Dixon Decl. at ¶ 11.) True and correct copies of printouts, as of January 23, 2019, from the California Secretary of State's website regarding Whirlpool are attached as **Exhibit D** to the

Declaration of Robert K. Dixon.

17. Accordingly, for purposes of diversity, Whirlpool is a citizen of Delaware (its state of incorporation) as well as Michigan (its principal place of business).

18. The Complaint also names Defendant Does 1 through 50. Pursuant to 28 U.S.C. Section 1441(b)(1), the citizenship of the Doe defendants is disregarded. *See Salveson v. Western State Bank Card Assn.*, 731 F.2d 1423 (9th Cir. 1984).

19. Thus, complete diversity exists between the parties because Plaintiff is a citizen of California, Home Depot is a citizen of Delaware and Georgia, and Whirlpool is a citizen of Delaware and Michigan.

**THE AMOUNT IN CONTROVERSY REQUIREMENT IS SATISFIED**

20. The amount in controversy in this matter exceeds the statutory threshold of $75,000, exclusive of interest and costs. The amount in controversy for jurisdictional purposes is determined by the amount of damages or the value of the property that is the subject of the action. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Meisel v. Allstate Indem. Co.*, 357 F. Supp. 2d 1222, 1225 (E.D. Cal. 2005). In addition, when the complaint does not specifically allege the amount in controversy, removal is proper if the court finds, by the preponderance of the evidence, that the amount in controversy exceeds $75,000. 28 U.S.C. § 1446(c)(2)(B).

21. While the Complaint is silent as to the amount in controversy, the Statement of Damages that was served along with the Complaint notes that Plaintiff's alleged damages exceed $75,000, exclusive of interests and costs. (*Compare* Compl. Ex. A *with* Stmt of Damages, Ex. B to Dixon Decl.) Specifically, Plaintiff seeks $250,000 for pain and suffering, $16,963 for medical expenses, and an unspecified amount for future medical expenses, loss of earnings, and loss of future earning capacity. (Stmt of Damages, Ex. B to Dixon Decl.) Since Plaintiff initiated this action in state court, there is a strong presumption that he did not inflate the claim to

support removal. *Sanchez v. Monumental Life Ins. Co.*, 102 F.3d 398, 402 (9th Cir. 1996).

22. Based on the foregoing, this Court has original jurisdiction because there is a complete diversity of citizenship among the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### THE NOTICE OF REMOVAL IS TIMELY

23. This Notice of Removal is being filed within thirty (30) days after Home Depot received the Complaint and Plaintiff's Statement of Damages in this action. (Dixon Decl. ¶ 5.) Thus, this Notice of Removal is timely filed under 28 U.S.C. § 1446(b).

24. This Notice of Removal is being filed within one (1) year of the commencement of this action and therefore is timely under 28 U.S.C. Section 1446(c).

### HOME DEPOT HAS SATISFIED THE OTHER REMOVAL REQUIREMENTS

25. Home Depot's counsel contacted Whirlpool's counsel regarding the instant removal, and Whirlpool gave its consent to this removal. (Dixon Decl. ¶ 6.) *Proctor v. Vishay Intertechnology Inc.*, 54 F.3d 1208, 1224-1225 (9th Cir. 2009) (one defendant's timely removal notice containing averment of other defendants' consent and signed by an attorney of record is sufficient to establish consent to removal).

26. Only properly joined and served defendants need to join in or consent to the removal. 28 U.S.C. § 1446(b)(2)(A). The unnamed Doe Defendants need not join or consent to Home Depot's Notice of Removal, as they have not yet been served. Home Depot and Whirlpool are the only defendants who have been properly joined and served, and no further consent is necessary. Thus, the requirements of 28 U.S.C. § 1446(b)(2)(A) are satisfied.

27. The Superior Court of the State of California, County of Santa Barbara, where this action was originally filed, is located within this district. Thus, venue is proper in this Court because, as set forth in 28 U.S.C. Section 84(c)(1), it is the

-6-   Case No. 2:19-cv-613

DEFENDANT HOME DEPOT U.S.A., INC.'S NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. §§ 1332, 1441(a), 1446 (DIVERSITY JURISDICTION)

1  "district and division embracing the place where such action is pending." *See* 28
2  U.S.C. § 1441(a).

3      28.   A true and correct copy of all process, pleadings, and orders served in
4  this action are attached as **<u>Exhibit E</u>** to the Declaration of Robert K. Dixon. Pursuant
5  to 28 U.S.C. Section 1446(a), and to the best of Home Depot's knowledge, Exhibit A
6  through E constitute all the process, pleadings, and orders served in this action at the
7  time of this removal. (Dixon Decl. ¶ 12.)

8      29.   Pursuant to 28 U.S.C. Section 1446(d), a copy of this Notice of Removal
9  is being served upon Plaintiff's counsel and is being filed with the Clerk of the
10 Superior Court of the State of California for the County of Santa Barbara.

11     WHEREFORE, Home Depot requests that the Court remove this Action from
12 Santa Barbara Superior Court to this Court for all further proceedings pursuant to 28
13 U.S.C. Section 1441, *et seq*.

15 Dated:    January 25, 2019    **WILSON TURNER KOSMO LLP**

17     By:   */s/ Robert K. Dixon*
18            ROBERT K. DIXON
              ELIZABETH C. REIN
19            Attorneys for Defendant
              HOME DEPOT U.S.A., INC.